IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James Jamal Williams, | ) | C/A 2:14cv1360-MGL-WWD |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Leroy Cartledge, Warden, | ) | **Report and Recommendation** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The Petitioner, James Jamal Williams, Prisoner No. 180550, a state prisoner

proceeding pro se, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  This

matter is before the Court on the Respondent's Motion for Summary Judgment filed on

August 8, 2014. (Dkt. 19, 20).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B),

and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the

instant petition for relief and submit findings and recommendations to the District Court.

Williams brought this habeas corpus action timely on April 14, 2014. (Dkt. 1).

Respondent moved for summary judgment[1] and by order filed on August 11, 2014,

_____

[1]The Respondent made the following part of the record here:
(1) Indictments and Sentencing Sheets;
(2) PCR Appendix, containing:
  (a) Index;
  (b) Ex Parte Motion for Funding for Investigator (April 5, 2005);
  (c) Pretrial Request for Competency Evaluation (April 5, 2005);
  (d) Pretrial Discussion Concerning the Gag Order (April 7, 2006);
  (e) Pretrial Hearing Concerning Jury Accommodations (May 16, 2006);
  (f) Ex Parte Request for Release of School Records and Request for Additional Funding (May 16, 2006);
  (g) Trial Transcript (May 30 – June 10, 2006);
  (h) Final Anders Brief of Appellant;
  (i) State v. James Jamal Williams, Unpublished Opinion No. 2009-UP-058 (S.C. Ct. App. Filed January 22, 2009);

1

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Williams was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. 21).  Williams moved before the court for additional time to respond, which motion was granted.  On October 27, 2014, Williams filed his opposition to the summary judgment motion.  Hence it appears consideration of the motion is appropriate.

### Procedural History

Petitioner Williams is currently incarcerated in Broad River Correctional Institution pursuant to an order of commitment from the Clerk of Court of Darlington County.  A Darlington County grand jury indicted Petitioner in October 2004 for kidnapping (04-GS-16-2048), burglary in the first degree (04-GS-16-2049), possession of a weapon during the commission of certain crimes (04-GS-16-2051), murder (04-GS-16-2052), and possession of 28 grams or less marijuana or 10 grams or less hashish (04-GS-16-2053). Attachment 1, Indictments and Sentencing Sheets.

The State sought the death penalty.  Petitioner proceeded to a jury trial on May

---

(j) Application for Post-Conviction Relief;
(k) Amended Application for Post-Conviction Relief;
(l) Return;
(m) Post-Conviction Relief Hearing Transcript (Dated September 13, 2010);
(n) Order of Dismissal;
(o) Clerk of Court Records;
(3) Notice of Appeal (Direct Appeal);
(4) Letter dated April 10, 2008 from S.C. Court of Appeals (Direct Appeal);
(5) Pro Se Anders Brief (Direct Appeal);
(6) Remittitur (Direct Appeal);
(7) Notice of Appeal (PCR Appeal);
(8) Petition for Writ of Certiorari (PCR Appeal);
(9) Return to Petition for Writ of Certiorari (PCR Appeal);
(10) Order dated March 18, 2014 (PCR Appeal);
(11) Remittitur (PCR Appeal); and
(12) November 22, 2005 Pretrial Hearing.

2

30, 2006, before the Honorable James E. Lockemy. Attachment 2, PCR App. at

139–2507.  Robert L. Kilgo, Marshall U. Rogol, and Henry M. Anderson represented

Petitioner in various pretrial matters. Attachment 2, PCR App. at 1, 15, 31, 77, 129.

Rogol and Anderson represented Petitioner at trial. Attachment 2, PCR App. at 139.

On June 8, 2006, the jury found Petitioner guilty of all charges. Attachment 2, PCR App.

at 2274–76.

After the penalty phase of the trial resulted in a deadlocked jury, Judge Lockemy

sentenced Petitioner to the following concurrent terms of incarceration: life without the

possibility for parole for murder,[2] life for burglary in the first degree, and thirty (30) days

for possession of marijuana. Attachment 2, PCR App. at 2500.

Petitioner filed a notice of appeal. Attachment 3, Notice of Appeal (Direct

Appeal).  On April 9, 2008, Robert M. Dudek, Deputy Chief Appellate Defender of

Appellate Defense, filed a final Anders brief on Petitioner's behalf. Anders v. California,

386 U.S. 738 (1967).  Attachment 2, PCR App. at 2508–21.  Appellate counsel raised

the following issue in the direct appeal:

> Whether the court erred by refusing to charge voluntary manslaughter where
> there was evidence appellant and the decedent began fighting after the
> decedent voluntarily allowed appellant into her apartment, since this constituted
> the "any evidence" necessary for receiving the lesser-included offense
> instruction?

Attachment 2, PCR App. at 2511.   Appellate counsel also submitted a request to be

relieved as counsel as "in his opinion, the appeal [was] without legal merit sufficient to

---

[2] In accordance with South Carolina law, the trial court did not sentence the Petitioner for the
kidnapping conviction because the Petitioner received a sentence for his murder conviction. See S.C.
Code Ann. § 16-3-910; State v. Vasquez, 364 S.C. 293, 613 S.E.2d 359 (2005) (vacating a kidnapping
sentence where a trial court erroneously sentenced a defendant for the kidnapping and the murder of the
same victim), abrogated on other grounds by State v. Evans, 371 S.C. 27, 637 S.E.2d 313 (2006).

3

warrant a new trial." Attachment 2, PCR App. at 2519.  On April 10, 2008, the Clerk of

the South Carolina Court of Appeals advised the Petitioner that he could file a pro se

"brief addressing any issues you believe the Court should consider in this appeal."

Attachment 4, Letter dated April 10, 2008 from S.C. Court of Appeals (Direct Appeal).

On May 13, 2008, the Petitioner filed a pro se Anders brief raising the following issues:

> "Argument #1"
> Did in fact the State falsely Prosecute Appellant under a "Invalid" Indictment.
>
> "Argument #2"
> The State did not have Jurisdiction over Subject matter.
>
> "Argument #3"
> The jury was tainted due to press, being Hostility towards Appellant in which was grounds for a Mistrial.
>
> "Argument #4"
> The Jury was tainted due to Defense Attorney failing to Vire Dire the Jury in which was affaliated with Law Enforcement. In which is Unconstitutional and Illegal.
>
> "Argument #5"
> The Judge did error in denying a charge of change of Venue, for the Appellant.
>
> "Argument #6"
> Did infact State's witness was allowed by Defendants Attorney to contradict himself by "Inconsistant Statements".
>
> "Argument #7"
> Did in fact the Law Enforcement Officer (S.L.E.D.) used tainted evidence in Appellants Trial during the Illegal Search and Seizure Warrant.
>
> "Argument #8"
> The State did not have proof of evidence to put Appellant at the crime scene, Illegal Search and Seizure.
>
> "Argument #9"
> Did in fact the State allowed a Law Enforcement Officer to commit the unlawful act of "Purjury" by lying about D.N.A. samples on door.

4

"Argument #10"
The judge did error by denying of a mistrial, and Direct Verdict.

"Argument #11"
Trial counsel was ineffective when the trial judge granted the Defense motion for "Ineffective Indictment". Trial counsel failed to proceed on with the ineffective indictment to the jury.

"Argument #11"
Trial counsel was ineffective when the trial judge granted the Defense motion for "Ineffective Indictment". Trial counsel failed to proceed on with the ineffective indictment to the jury.

Attachment 5, Pro Se Anders Brief (Direct Appeal) (errors in original).[3]

The Petitioner also argued that the trial court lacked subject matter jurisdiction to try Petitioner's case and further that "he was 'denied' due process of law, 'denied' equal protection of the law, 'denied' the right to a 'fair and constitutional trial'. Thus violating the defendants 6th and 14th Amendments right to the United States Constitution." Attachment 5, Pro Se Anders Brief (errors in original).

In an unpublished opinion filed January 22, 2009, the South Carolina Court of Appeals dismissed the Petitioner's direct appeal. Attachment 2, PCR App. at 2523–24. The court also granted appellate counsel's motion to be relieved as counsel. Attachment 2, PCR App. at 2524.  The South Carolina Court of Appeals issued a remittitur on February 11, 2009. Attachment 6, Remittitur (Direct Appeal).

The Petitioner filed an application for post-conviction relief (PCR) on February 24, 2009. Attachment 2, PCR App. at 2525–29.  The Petitioner raised the following ineffective assistance of counsel claims in his PCR application:

---

[3] These same grounds are repeated in an attached "Motoin [sic] to Alter or Amend Judgment: Rule 59E" filed the same day. Attachment 5, Pro Se Anders Brief.

(a) Trial Counsel failed to correct false and misleading testimony.

(b) Trial (Prosecutorial) counsel failed to investigate the illegal search and seizure obtained by the use of falsifying evidence to an unconstitutional search and seizure, false imprisonment and the conviction was by the Court and obtained through the use of false evidence

.

(c) Appellate Counsel failed to raise or brief the insufficiency of evidence used by the Court to obtain a conviction.

Attachment 2, PCR App. at 2527 (errors in original.)

On May 14, 2009, the Petitioner filed an amendment to his PCR application.

Attachment 2, PCR App. at 2530–61. The Petitioner raised the following claims in the

amendment:

(1) Whether Applicant's Trial Counsel was ineffective when Counsel failed to correct false and misleading testimony?

(2) Whether the Appellate Counsel was ineffective when Counsel failed to raise a merit Brief of insufficiency of evidence on the State's behalf?

(3) Whether the Court was in error when Applicant documentation showed and proved that the search warrant was illegal and unlawful during the Applicant's arrest?

(4) Whether the Prosecutor did use prosecutorial misconduct during Applicant's trial in his closing argument as misleading the jury with false testimony and evidence?

(5) Whether the jury venire was inflamed by the press media hostility against the Applicant 6th and 14th Amendments to the U.S. Constitution was violated?

(6) Whether the coerced confession of the Applicant deprived him of his 5th Amendment right under the Illegal search and seizure so warranted.

(7) Whether there was no substantial evidence which reasonably tend to prove guilt of Applicant, where guilt could be fairly and logically deduced on several of the Applicant's charges, as if the court erred by not granting the Motion For a Direct Verdict on several of the Applicant's charges?

6

Attachment 2, PCR App. at 2534 (errors in original).

The State made its return on April 28, 2009. Attachment 2, PCR App. at 2562–65.  An evidentiary hearing into the matter was convened on September 13, 2010, before the Honorable Thomas A. Russo. Attachment 2, PCR App. at 2566–638.[4] The Petitioner was present at the hearing and was represented by Bryan W. Braddock, Esquire. Attachment 2, PCR App. at 2566.  By order dated December 23, 2010, and filed December 30, 2010, Judge Russo denied and dismissed Petitioner's PCR application with prejudice. Attachment 2, PCR App. at 2639–46.

On January 6, 2011, PCR counsel Braddock filed a notice of appeal on the Petitioner's behalf. Attachment 7, Notice of Appeal (PCR Appeal).  On January 4, 2011, Tristan M. Shaffer, Appellate Defender with the South Carolina Commission on Indigent Defense, Division of Appellate Defense, filed a Petition for Writ of Certiorari for Williams and presented the following issue:

> In a capital murder trial, when the affidavit for a search warrant alleged that blood was found on Petitioner's door, but the blood was not actually found on Petitioner's door and instead was found somewhere inside a common hallway shared by both the victim and Petitioner, was trial counsel ineffective for failing to challenge the probable cause for the search warrant?

Attachment 8, Petition for Writ of Certiorari at 2 (PCR Appeal).  The State made its return to the petition for writ of certiorari on January 25, 2012. Attachment 9, Return to Petition for Writ of Certiorari (PCR Appeal).

In an order filed March 18, 2014, the South Carolina Court of Appeals denied the

---

[4] The PCR Appendix does not include this hearing. The Respondent does not possess an original copy of the transcript but has attached the copy from the record on appeal. The attached copy contains both the record on appeal page numbers and the transcript page numbers. The references here are to the transcript page numbers.

petition. Attachment 10, Order dated March 18, 2014 (PCR Appeal). The court issued a

remittitur on April 3, 2014. Attachment 11, Remittitur (PCR Appeal).

## Grounds for Habeas Relief Asserted in the Instant Petition

In his <u>pro se</u> Petition for Writ of Habeas Corpus, Petitioner makes the following

claims of error:

> Ground One: Ineffective Assistance of Trial Counsel.
>
> Supporting Facts: Petitioner states that Trail Assistance Counsels were
> ineffective by, Failing to investigate the illegal Search and Seizure obtained by
> the use of falsifying evidence to an Unconstitutional Search and Seizure, False
> imprisonment and the Conviction was by the Court and obtained through of false
> evidence.
>
> Ground Two: Prosecutorial Misconduct-Kernard Redmond.
>
> Supporting Facts: Petitioner States that Prosecutor did Perjury during his Closing
> Argument to the Jury, stating that the D.N.A. from the Victim was found on
> Petitioner Kitchen Floor. When the State Expert D.N.A. forensic Analyst agent
> (Ms. Riley) testified that there wasn't any D.N.A. found by the Victim in Petitioner
> apartment kitchen Floor. There was only a mixture between James Williams and
> girlfriend Charmain Bolton.
> Ground Three: Defective Indictment.
>
> Supporting Facts: Petitioner states that Prosecutor Kernard Redmond did
> Process, a Defective Indictment which the indictment showed a true-bill by the
> grand Jury foreperson on Oct 14, 2004 when grand Jury Convened upon their
> Oath on Oct 18, 2004.

ECF No. 5-1 at 5–8 (errors in original).

## <u>Applicable Law</u>

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment

"shall" be granted "if the movant shows that there is no genuine dispute as to any

material fact and that the movant is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(a).  The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for nonmoving party." Id. (citing Anderson).

In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

Habeas Standard of Review

Since Williams filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998).  Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."

Williams, 529 U.S. at 410.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

Moreover, state court factual determinations are presumed to be correct and the Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### Discussion

Respondent seeks summary judgment on all of Petitioner's grounds for relief, and argued that, while the exhaustion doctrine is satisfied because no state remedies remain available to re-exhaust his allegations, Williams failed to present ground I in his Petition for a Writ of Certiorari from the denial of PCR,[5] Attachment 2, PCR App. at 2540–41,  and failed to object to the solicitor's statements during closing argument at trial precluding review of ground II on direct appeal, Attachment 2, PCR App. at 2221–22,  rendering those claims procedurally barred from review on the merits here.

It appears that the Respondent is correct.  Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a Petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.

---

[5] Furthermore, the precise issue Petitioner now raises was not raised in his PCR appeal.  The failure to object was raised on PCR appeal but not the failure to investigate. Attachment 8, Petition for Writ of Certiorari at 2.

Id.  The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas Petitioner first submit his claims for relief to the state courts.  A habeas corpus petition filed in this court before the Petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a Petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts.  In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. See Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).  Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time.  Furthermore, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.  If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.  As the United States Supreme Court explained:

... [state procedural rules promote] not only the accuracy and efficiency of judicial

11

decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10–11, 104 S.Ct. 2901, 82 L.Ed.2 d 1 (1984).

Nevertheless, if a federal habeas Petitioner can show both (1) " 'cause' for noncompliance with the state rule[,]" and (2) " 'actual prejudice resulting from the alleged constitutional violation[,]' " the federal court may consider the claim. Smith v. Murray, 477 U.S. at 533 (quoting Wainwright v. Sykes, 433 U.S. 23, 84 (1977)). When a Petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. See Matthews v. Evatt, 105 F.3d at 915 (citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Teague v. Lane, 489 U.S. 288, 297–98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

In addition, since the requirement of exhaustion is not jurisdictional, this court may also consider claims that have not been presented to the South Carolina Suprem e Court in limited circumstances in which a Petitioner cannot show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, he may obtain habeas review by as showing that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. at 496–97.

A Petitioner may prove cause if he can demonstrate ineffective assistance of

12

counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. <u>Coleman</u>, 501 U.S. at 752–53; <u>Murray v. Carrier</u>, 477 U.S. at 488–89.  Absent a showing of cause, the court is not required to consider actual prejudice. <u>Turner v. Jabe</u>, 58 F.3d 924, 931 (4th Cir.1995).  When a Petitioner does demonstrate sufficient cause, he must also show actual prejudice in order to excuse a default. <u>Murray v. Carrier</u>, 477 U.S. at 503–506.  To show actual prejudice, the Petitioner must demonstrate more than plain error.

Here, it appears that the Petitioner's first two grounds for habeas relief have been defaulted.  Ground one, the Petitioner's ineffective assistance of counsel claim, has been procedurally defaulted because, while the Petitioner raised this same argument in his original PCR action, it was not ruled on in the PCR court's order of dismissal, and it was excluded from the PCR Appeal.[6] Attachment 2, PCR App. at 2540–41.  In addition, the Petitioner has not shown both cause for noncompliance with the state rule and actual prejudice resulting from the alleged constitutional violation, or that he is actually innocent of the crime for which he was convicted.  Accordingly, since the state appellate court never had a chance to rule on the issue and it should not be considered on the merits here.

Likewise, ground two, the Petitioner's claim of prosecutorial misconduct, has also

---

[6] Indeed, the precise issue Petitioner now raises was not raised in his PCR appeal.  The failure to object was raised and denied on PCR appeal but not the failure to investigate. Attachment 8, Petition for Writ of Certiorari at 2.

been procedurally defaulted because no objection was made to the solicitor's statements during closing argument at trial. Attachment 2, PCR App. at 2221–22. Thus, on direct appeal the state appellate court was barred from considering the issue in accordance with state appellate court procedure. See, e.g., State v. McKnight, 352 S.C. 635, 646, 576 S.E.2d 168, 174 (2003) (noting that an argument must be raised to and ruled upon by a trial court to be preserved for appellate review); State v. Watts, 321 S.C. 158, 167, 467 S.E.2d 272, 278 (Ct. App. 1996) ("To be preserved for appellate review, an issue must be both presented to and passed upon by the trial court."). While the Petitioner did raise the issue in his PCR action,[7] prosecutorial misconduct is not a cognizable claim in PCR in South Carolina. Drayton v. Evatt, 312 S.C. 4, 9, 430 S.E.2d 517, 520 (1993) ("PCR is not a substitute for appeal or a place for asserting errors for the first time which could have been reviewed on direct appeal."); S.C. Code Ann. § 17-27-20(b). Again, the Petitioner has not shown cause, prejudice or actual innocence to excuse the default; the Petitioner's claim should not be reviewed here on the merits.

Last of all, in ground three, the Petitioner claims that the indictments against him were insufficient because the grand jury met on October 18, 2004, but true billed the indictments on October 14, 2004. This claim is not cognizable here because it fails to point to any constitutional violation or federal-law-based error. Habeas relief is restricted to claims alleging an improper application of federal law. 28 U.S.C. §

---

[7] The claim was raised as an ineffective assistance of counsel claim and was ruled upon by the PCR court, Attachment 2, PCR App. at 2645, but the claim was not appealed, Attachment 8, Petition for Writ of Certiorari at 2.

2254(d)(1) (application shall not be granted unless the claim was based on an improper application of federal law); see also Wilson v. Corcoran, 562 U.S. 1, 4, 131 S. Ct. 13, 16 (2010) ("[I]t is only noncompliance **with federal law** that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted) (emphasis in original).

The Respondent correctly noted that "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985); see also Wilson v. Lindler, 995 F.2d 1256 (4th Cir. 1993) dissent adopted on reh'g en banc, 8 F.3d 173 (4th Cir. 1993). Here, the discrepancies that the Petitioner points to are not sufficient to amount to a due process violation. Indeed, in denying the Petitioner's claim that trial counsel was deficient in failing to object to the discrepancy in the indictments, the PCR court found "the indictments were sufficient to put the Applicant on notice of the charges he was facing and trial counsel were not deficient in failing to object." Attachment 2, PCR App. at 2644 (citing State v. Gentry, 363 S.C. 93, 102, 610 S.E.2d 494, 500 (2005) (finding indictments are not evidentiary or jurisdictional documents but merely notice documents)). Thus, even if the court were to construe this claim as a cognizable one, the purported deficiencies in the indictments did not deprive the Petitioner of due process; therefore, the Petitioner is not entitled to habeas relief based on this claim.

15

**Conclusion**

Accordingly, for the aforementioned reasons, it is RECOMMENDED that the Respondent's motion for summary judgment be granted and it is also RECOMMENDED that the petition denied with prejudice.   It is further RECOMMENDED that a certificate of appealability be denied.[8]

IT IS SO RECOMMENDED

November 4, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

---

[8] A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-85 (4th Cir. 2001). In this case, the undersigned recommends concluding that the standard for the issuance of a certificate of appealability has not been met.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).