

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JAMES JAMAL WILLIAMS, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO.2:14-1360-MGL-WWD |
| § | |
| LEROY CARTLEDGE, Warden, § | |
| Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE,
AND DENYING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 4, 2014, and the Clerk of Court entered Petitioner's objections on December 1, 2014. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner is presently incarcerated in Broad River Correctional Institution, a part of the South Carolina Department of Corrections. A Darlington County jury convicted Petitioner of kidnaping, burglary in the first degree, possession of a weapon during the commission of certain crimes, murder, and possession of 28 grams or less of marijuana or 10 grams or less of hashish. The state sought the death penalty for Petitioner but, because the jury deadlocked, the trial court sentenced him to concurrent terms of incarceration as follows: life without the possibility for parole for murder, life for burglary in the first degree, and thirty days for possession of marijuana. Under South Carolina law, the trial court did not sentence Petitioner for the kidnaping conviction because it sentenced him for the murder conviction. *See* § 16-3-910 ("Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, except when a minor is seized or taken by his parent, is guilty of a felony and, upon conviction, must be imprisoned for a period not to exceed thirty years unless sentenced for murder as provided in Section 16-3-20.").

Petitioner filed an appeal of his conviction, which the South Carolina Court of Appeals dismissed. Petitioner then filed a post-conviction relief application (PCR) and an amended application, but the PCR court denied and dismissed his application. Thereafter, Petitioner filed a petition for writ of certiorari seeking review of the PCR court's decision. The South Carolina Court of Appeals denied his petition. Petitioner then filed his § 2254 petition with this Court.

In his § 2254 petition, Petitioner raises the following three grounds for relief:

> Ground One: Ineffective Assistance of Trial Counsel.
> Supporting Facts: Petitioner states that Trail Assistance Counsels were ineffective by, Failing to investigate the illegal Search and Seizure obtained by the use of falsifying evidence to an Unconstitutional Search and Seizure, False imprisonment and the Conviction was by the Court and obtained through of false evidence.
>
> Ground Two: Prosecutorial Misconduct-Kernard Redmond.
> Supporting Facts: Petitioner States that Prosecutor did Perjury during his Closing Argument to the Jury, stating that the D.N.A. from the Victim was found on Petitioner Kitchen Floor. When the State Expert D.N.A. forensic Analyst agent (Ms. Riley) testified that there wasn't any D.N.A. found by the Victim in Petitioner apartment kitchen Floor. There was only a mixture between James Williams and girlfriend Charmain Bolton.
>
> Ground Three: Defective Indictment.
> Supporting Facts: Petitioner states that Prosecutor Kernard Redmond did Process, a Defective Indictment which the indictment showed a true-bill by the grand Jury foreperson on Oct 14, 2004 when grand Jury Convened upon their Oath on Oct 18, 2004.

Petition 6-9 (errors in original and not corrected).

The Magistrate Judge suggests that Grounds One and Two of Petitioner's habeas petition are procedurally barred. The Court agrees.

Procedural default occurs when a habeas petitioner fails to exhaust his state remedies and the state court would now find the claims procedurally barred. *Mickens v. Taylor*, 240 F.3d 348, 356 (4th Cir. 2001). When a procedural default occurs, federal review is barred unless the petitioner can show cause for his default and resulting prejudice, or actual innocence. *Harris v. Reed*, 489 U.S. 255, 262 (1989). The petitioner may also avoid the procedural bar by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008).

3

Concerning Ground One, Petitioner's "Ineffective Assistance of Trial Counsel" argument, although Petitioner raised the issue in his original PCR application, the PCR court did not rule on the claim in its order and it was not raised in the PCR appeal. Further, Petitioner has established neither cause for not complying with the state rule, actual prejudice, actual innocence, nor that the Court's failure to consider this claim will result in a fundamental miscarriage of justice. Thus, the Court will grant Respondent's motion for summary judgment on Ground One of Petitioner's petition.

Regarding Ground Two, "Prosecutorial Misconduct," Petitioner's trial counsel failed to object and, thus, the state appellate court was unable to consider the issue on appeal. *See State v. McKnight*, 352 S.C. 635, 646, 576 S.E.2d 168, 174 (2003) (noting that an argument must be raised to and ruled upon by a trial court to be preserved for appellate review). Petitioner raised the claim with the PCR court, but then did not appeal the claim. Again, Petitioner has established neither cause for not complying with the state rule, actual prejudice, actual innocence, nor that the Court's failure to consider this claim will result in a fundamental miscarriage of justice. As such, the Court will also grant Respondent's motion for summary judgment as to Ground Two of Petitioner's petition.

As to Ground Three, Petitioner's "Defective Indictment" claim, the Magistrate Judge states that "[t]his claim is not cognizable here because it fails to point to any constitutional violation or federal-law-based error." Report 14. He is correct.

"Variances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985). As the PCR court stated, "the indictments were sufficient to put [Petitioner] on notice

4

of the charges he was facing and trial counsel were not deficient in failing to object." PCR Court's Order of Dismissal 6 (citing *State v. Gentry*, 363 S.C. 93, 102, 610 S.E.2d 494, 500 (2005) (finding indictments are not evidentiary or jurisdictional documents but merely notice documents)).  As such, even assuming that Petitioner's "Defective Indictment" claim was a cognizable one, the deficiencies that he alleges are not such that he was deprived of due process.  Accordingly, the Court will grant Respondent's motion for summary judgment on Ground Three as well.

In Petitioner's objections, he seems to argue that the Court should grant to him a certificate of appealability.  For the reasons set forth in the last paragraph of this opinion, that request will be denied.

Citing *Martinez, v. Ryan*, 132 S. Ct. 1309 (2012), Petitioner also contends that "[t]he inordinate representation of the P.C.R. counsel provided an unjustified delay within the State's corrective process which frustrated the rights of the Petitioner and created a circumstance as to render the process ineffective. . . .  Upon the P.C.R. counsel's omission (i.e. failing to submit an amend the integral component of vital issues to the original application as well as failing to file a 59(e) motion) frustrated the Petitioner's right concerning full exhaustion." Objections 6.

Under *Martinez*, "[t]o overcome the default, a prisoner must . . . demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez,* 132 S. Ct. at 1318.  But, because Petitioner has failed to show that his claims have any merit, this argument must fail.

The remainder of Petitioner's objections are not specific objections to the Report, but instead arguments in opposition to Respondent's motion for summary judgment–arguments that the Magistrate Judge has already considered and rejected.  Because the Court agrees with the Magistrate Judge's treatment of these issues, it need not repeat the analysis here.

5

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED WITH PREJUDICE**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, Petitioner's request for a certificate of appealability from this Court is **DENIED**.

**IT IS SO ORDERED**.

Signed this 4th day of December, 2014, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.